## STARRETT v. J. STEVENS ARMS & TOOL CO.

### SAME v. ATHOL MACH. CO.

(Circuit Court of Appeals, First Circuit. February 27, 1900.)

### Nos. 309, 310.

1. PATENTS—SUIT FOR INFRINGEMENT—CONSTRUCTION OF CLAIMS.

The facts that the claim of a patent is narrow, and the patentee, after notice from the patent office suggesting a different claim, adhered to the form first adopted; that the tool patented has not become generally used; and that the patentee, after notice to an alleged infringer, who denied infringement, delayed 10 years before taking any action to establish his rights,—forbid a liberal construction of the claim of the patent for the purpose of sustaining the claim of infringement.

2. SAME—INFRINGEMENT—SPRING CALIPERS AND DIVIDERS.

The Fay patent, No. 319,215, for spring calipers and dividers, construed as including, as one element of the combination, the fulcrum and socket joint shown in the drawings and described in the specifications, and *held* not infringed.

Appeals from the Circuit Court of the United States for the District of Massachusetts.

Edward S. Beach, for appellant.

George L. Roberts (Reuben L. Roberts, on the brief), for appellees.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

ALDRICH, District Judge. These cases were decided against the patentee in the circuit court by Judge Brown, and his opinion is reported in 96 Fed. 244. We think the conclusions there reached were in accordance with justice, and we must therefore affirm the decrees handed down in that court.

The proceedings in the patent office are against importing elements into the claims on lines of liberal construction, for the purpose of making out a case of infringement. The merit of this patent is not sufficient to command a policy of liberal construction for such purpose. While the application was pending in the patent office the applicant was advised that claim 1 was anticipated by the previous Hopkins patent, and interference was suggested, with a view of adopting a claim:

"In calipers and dividers, the combination with legs having their upper ends notched, with an interlocking spring adapted to engage said notches, whereby said legs may be removed and others substituted therefor."

After correspondence the applicant informed the patent office that he did not desire to make the claim suggested, but desired final action on his claims as presented. Thus, it seems that the patentee, after notice and consideration, advisedly adhered to the narrow and special form of device which he had previously adopted and described. In this connection it may be said that, although the Fay patent was granted in 1885, the proofs establish that calipers constructed according to this patent have not made any considerable progress in the trade, and have not been extensively used outside of the complainant's shop. We only consider the question of laches,

which the circuit court limited to the defense in the Athol Machine Co. Case, as bearing upon the question whether we should adopt the rule of liberal construction suggested and urged by counsel for the patentee; and with this view we observe that the complainant had correspondence with the Athol Machine Company in 1888, in which the company protested that they did not use the joint described in the Fay patent, and from that time until 1898 the patentee did nothing for the purpose of establishing his contention with respect to his interpretation of the claims in this patent. The facts that the claim is a narrow claim, and that, after notice from the patent office, Fay adhered to the special form of claim previously adopted; that the tool has not become generally commercial; and that the patentee unreasonably rested upon his supposed rights,— taken altogether, present a situation which forbids a liberal construction of the patentee's claims for the purpose of sustaining the contention of infringement. Having said this much, we rest the construction of the patentee's claims, and the discussion of the mechanism involved therein, as well as that involved in the alleged infringing tools, upon the reasoning of the judge below. Decrees of the circuit court affirmed, with costs.